UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAGDA KOT F/K/A
MAGDALENA COURNYEA,

                         Plaintiff,

v.                                             Civil Action No. _____

CACH, LLC AND
LAW OFFICES OF KEVIN Z. SHINE, PLLC.

                         Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Magda Kot is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Cach, LLC (Cach"), is a foreign limited liability company organized and existing under the laws of the State of Colorado and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant, Law Offices of Kevin Z. Shine, PLLC (Kevin Z. Shine) is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

10. That at all relevant times herein, Kevin Z. Shine acted as agent-in-fact for CACH, and acted within the scope of their agency.

### IV. FACTUAL ALLEGATIONS

11. That Plaintiff allegedly incurred a dental bill. This debt will be referred to as "the subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff thereafter allegedly defaulted on the subject debt.

14. That upon information and belief Defendant Cach sometime after the alleged default, allegedly acquired the Plaintiff's account and attempted to collect on the subject debt.

15. That in or about September 5, 2013, Defendant Kevin Z. Shine on behalf of Defendant Cach, filed a complaint bearing index number 6599 in Buffalo City Court in the County of Erie against the Plaintiff in an attempt to collect on the subject debt.

16. That in or about October 2, 2013, Plaintiff's parents were served with a summons and complaint for the above mentioned matter in Buffalo City Court.

17. That said complaint list the Plaintiff's address as Cheektowaga, New York.

18. That Plaintiff is not a resident of Cheektowaga, New York.

19. At the time the above action was filed in Buffalo City Court, the Plaintiff resided in Orchard Park, New York

20. That Defendants' filing of the action to collect on the subject debt against Plaintiff in the City of Buffalo was an improper venue. The proper venue for the commencement of a legal action to collect a debt against a consumer is the location where the contract was

   signed or where the consumer resides.  The contract was not signed in Buffalo nor did the consumer reside in Buffalo.

20. That N.Y. Uniform City Court Act §213 states that in money actions, either the Defendant or the Plaintiff must be a resident of the city in which the action was commenced or reside in a town contiguous to that city.

21. That since the Plaintiff neither resides in the City of Buffalo nor does she reside in a town contiguous to the City of Buffalo, the lawsuit was improper as Buffalo City Court never obtained personal jurisdiction over the Plaintiff.

22. That on or about October 8, 2013, Defendant Kevin Z. Shine left a voice message on Plaintiff's cell phone wherein the representative fails to identify their identify as well as fails to provide the mini-Miranda warning.

23. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

24. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

25. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692(e)(5) and 15 U.S.C. §1692i(a)(2) by filing a legal action in a location other than where the consumer resides.

    B. Defendant violated 15 U.S.C. §1692(d)(6) and 15 U.S.C. §1692(e)(11) by leaving a voice message on Plaintiff's cell phone wherein the representative fails to identify their identify as well as fails to provide the mini-Miranda warning.

26. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a)  Actual damages;

   (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 21, 2013

 /s/ Seth J. Andrews, Esq
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
           khiller@kennethhiller.com
